W. A. LYONS *v.* MATT VIGLIANCO *et al., Partners, etc.*

(No. 9005)

Submitted April 9, 1940. Decided April 23, 1940.

*Daugherty & Daugherty, F. W. Riggs* and *A. Maurice Foose,* for appellants.

*Via, Hardwick & Quinlan,* for appellee.

HATCHER, JUDGE:

This is a suit to abate a private nuisance and to recover damages occasioned thereby.

The suit was brought in the spring of 1936. The bill alleged that plaintiff, for more than fifteen years, had owned certain real estate upon which was a dwelling house occupied by himself and family; that about ten feet from his dwelling, defendants had erected an ice plant which they were operating unlawfully over his protest; and that such operation had broken his rest, injured his health and that of his family and diminished the value of his property. The bill prayed that the unlawful operation be enjoined and that his damages be ascertained upon an issue out of chancery. (Recitals in the bill show that the alleged unlawful operation consisted in permitting the discharge of noxious gases and in maintaining vibratory machinery. The evidence shows that the plant was constructed in 1932-3.) The defendants did not demur, but answered, denying that the plant was being operated so as to injure plaintiff in any manner. Depositions were taken in May and July of 1936. Whereupon, an order was entered, stating it appeared to the court from the depositions, etc., that the damages claimed by plaintiff were "not readily ascertainable and that an issue out of chancery as prayed was proper." The issue, made up and submitted to a jury on May 31, 1938, was whether defendants were guilty in the manner and form alleged in the bill. Testimony was taken; the premises were viewed by the jury; and a verdict was returned awarding plaintiff $750.00. Defendants moved to set aside the verdict, but assigned only these general grounds: that the verdict is contrary to the law and to the evidence and unsupported by it; that improper testimony offered by plaintiff was admitted, and proper testimony offered by defendants was rejected. The motion was overruled, judgment was given plaintiff on the

verdict, and the court decreed "that the nuisance heretofore complained of by the plaintiff in his bill of complaint filed herein and perpetrated by the defendants, and each of them, be abated."

The court did not find specifically, and apart from the above decretal order, that the plant was being unlawfully operated. However, the validity of the order does not seem to depend on such finding. Barton's Suit in Equity, 140; Hogg's Eq. Procedure, section 1260.

Defendants take the position that the issue out of chancery was directed because the plaintiff prayed for it, and that this was not permissible under Code, 56-6-4, which authorizes such an issue only upon conflicting evidence, or a showing that it will be conflicting. The court order does recite that plaintiff prayed for the issue, but the reason given by the court for directing it was that the depositions showed plaintiff's damages to be "not readily ascertainable." A fair construction of that phrase, when read in connection with the depositions, is that it meant the evidence of his damages was conflicting.

Defendants take the further position that the plaintiff should have been required to proceed on the one theory of either temporary, or permanent, damages to his property. A motion to that effect was not made. The instructions ordinarily present a plaintiff's theory of his right of recovery, but the instructions are not in the record. The plaintiff testified that he had kept his dwelling in good repair. We observe no trend in the evidence towards a recovery for permanent damages. So we naturally assume that the plaintiff recovered on the theory of temporary damages, alone.

Defendants say that plaintiff, personally, could not recover for any injuries to the other members of his family. That statement is not apropos. There is some testimony of such injuries; but the issue submitted to the jury related only to plaintiff's damages.

Defendants say also that courts will not by injunction restrain a defendant from operating a plant constructed with the express or implied assent of a plaintiff. This

legal abstraction is also not pertinent, since the plaintiff testified, without contradiction, that he was not on defendants' property while the plant was being constructed, and did not know what they were building.

Defendants contend that the primary purpose of this suit is to enforce a legal demand, and that equity will not take jurisdiction in such case. A like question arose in *Moundsville* v. *Ohio River Rr. Co.,* 37 W. Va. 92, 100, 105-6, 16 S. E. 514, 20 L. R. A. 161, wherein the abatement of a nuisance was sought. But the court held that equity afforded "more adequate and complete a remedy" than law in matters of nuisances, and that the jurisdiction therein exercised by equity was "very salutary." Where equity jurisdiction is thus rightfully invoked, upon a matter separate from a legal demand, enforcement of the latter is ancillary.

Defendants further contend that there was no evidence before the jury that their plant was being improperly operated. A number of improvements in the plant, made between 1935 and the date of the trial in 1938, seemingly had brought the noxious gases under control and had reduced the mechanical vibrations to a minimum. But there was ample evidence supporting plaintiff's allegations of improper operation at the time his suit was brought in 1936, and the operation at and before then was the issue before the jury.

Defendants finally contend that the order abating the nuisance is unnecessarily vague. They ask, "What would the defendants have to do or refrain from doing to obey this order?" We are impressed with this contention, in view of competent evidence tending to show that the improvements made by defendants in recent years have greatly, if not entirely, abated the nuisance as it existed when plaintiff brought this suit. The relief granted should be such as to occasion the defendants "the least possible injury consistent with the protection to which the plaintiff may be entitled." Lawrence Eq. Juris, section 863.

We affirm the judgment in favor of plaintiff. We re-

verse the decretal order abating the nuisance and remand the cause for further inquiry into defendants' present manner of operating their plant.

*Affirmed in part; reversed in part and remanded.*